**AVCO FINANCIAL SERVICES OF OHIO, Plaintiff,**

v.

**Barry Kelly GLENN, Cheryl Yvonne Glenn, Defendants.**

**In the Matter of Barry Kelly GLENN, Cheryl Yvonne Glenn, Debtors.**

Bankruptcy No. 3–81–01735.
Adv. No. 3–81–0611.

United States Bankruptcy Court,
S. D. Ohio, W. D.

Jan. 11, 1981.

R. L. Cousineau, Dayton, Ohio, for plaintiff.

Thomas Talbot, Jr., Dayton, Ohio, Trustee.

Jennings W. Hurt, Jr., Trotwood, Ohio, for defendants.

DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

PRELIMINARY PROCEDURE

This case is before the Court upon a Complaint filed on 15 September 1981, by Avco Financial Services of Ohio, Inc., for a turnover order for a Morgan two-piece living room set and Phono Sonic 20th Century Fireplace Stereo Bar; or, in the alternative, a judgment for the fair market value, plus costs; the answer of Defendants filed 15 October 1981; and the evidence. The household furnishings in question had been purchased by the Defendants from Furniture Mart and a retail installment contract and a purchase money security interests executed and delivered therefore, which was subsequently purchased and assigned to Plaintiff. The debt was incurred in December, 1977, with a maturity date in December, 1980. The balance apparently due is in the amount of $1,018.27.

The two-piece living room set had been purchased for the grandmother of Barry Glenn after she had attempted to purchase the set for herself but could not obtain

approved credit. The vendors were aware that this furniture would be in the possession of the grandmother, although the defendants were to be responsible for the payment of the contract installments. The stereo bar, after a very short period of usage, had deteriorated to a condition of uselessness and had been discarded because repair was economically impractical.

The quality of the stereo bar was discovered by debtors as quite inferior, after the purchase, and a complaint was lodged with Furniture Mart. The living room set also completely deteriorated and became totally worthless during usage by the grandmother, and for a short period of time, by a nephew. The testimony of Barry also indicated that the stereo was purchased at a considerably overpriced value since a few days after the purchase they saw the same item in another retail store at about ⅓ the cost they had paid.

One item of collateral was used by the Defendants and then given to a relative prior to its being discarded as completely worn out and unusable. Defendants testified that there was no sale of the collateral, and there is no evidence presented to the contrary or that there was any intent to do malicious injury to Plaintiff. In fact, the evidence was uncontroverted that the Plaintiff had known that the grandmother of Barry was taking immediate possession of the collateral, for whom it was purchased, and that the Plaintiff would not approve the grandmother for credit but insisted upon the personal liability of Defendants to make the sale on credit.

It is, therefore, concluded as a matter of fact that the evidence does not establish a willful and malicious injury to the property of Plaintiff to support a judgment for monetary damages. The Plaintiff is, however, entitled to a turnover judgment for any items of the collateral in the possession of defendants on the date of filing the bankruptcy petition.